**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RORY M. WALSH,** | : | **CIVIL ACTION NO. 1:05-CV-0818** |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **THE UNITED STATES OF AMERICA, et al.,** | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 13th day of July, 2005, upon consideration of plaintiff's motion for "approval of service on defendant by publication" (Doc. 3), in which plaintiff asserts that the defendant identified in the complaint as "Maj. Gen. Jerry D. Humble" has "successfully avoided service [of process] by personal delivery," and it appearing from the motion (Doc. 3) and a supporting affidavit (Doc. 8) that plaintiff's inability to effect service of process on the defendant is attributable not to intentional evasion of service but to a recent change of address by the defendant, see Gonzales v. Polis, 357 A.2d 580, 582 (Pa. Super. Ct. 1976) ("The fact that one moves does not in itself establish that he is concealing his whereabouts[ so as to warrant service pursuant to special order of court]."), cited with approval in PA. R. CIV. P. 430 note, and that plaintiff has accessed electronic directory services to locate the defendant's current address but has not made inquiries of postal authorities or other potential sources of information, including relatives, neighbors, friends, or employers of the defendant, see PA. R. CIV. P. 430 note

(illustrating methods to conduct a "good faith effort" to discover the defendant's address), and the court finding that the "extent of the investigation" and the "reasons why service cannot be made" are inadequate to warrant service pursuant to special order of court under Pennsylvania law, see PA. R. CIV. P. 430(a); Grove v. Guilfoyle, 222 F.R.D. 255, 256-57 (E.D. Pa. 2004) (discussing requirement that plaintiff exhaust all "reasonable methods" to locate and serve defendant before requesting leave to effect service by publication), 2 STANDARD PENNSYLVANIA PRACTICE 2d §§ 10:123-10:129 (West 1998); see also FED. R. CIV. P. 4(e) (permitting service to be effected "pursuant to the law of the state in which the district court is located"), it is hereby ORDERED that the motion for "approval of service on defendant by publication" (Doc. 3) is DENIED without prejudice.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge