**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **RORY M. WALSH,** : | **CIVIL ACTION NO. 1:05-CV-0818** |
| **Plaintiff** : | **(Judge Conner)** |
| v. : | |
| **THE UNITED STATES OF AMERICA, et al.,** : | |
| **Defendants** : | |

## MEMORANDUM

Presently before the court is an *ex parte* motion for a temporary restraining order in which plaintiff, Rory M. Walsh ("Walsh"), demands that one of the defendants in the above-captioned case, Jerry D. Humble ("Humble"), be enjoined from transferring or alienating his assets pending trial and that he be directed to surrender his passport. Walsh asserts that, following service of the complaint in this case, seeking monetary damages against Humble and others for a purported (failed) attempt on Walsh's life, Humble began divesting assets and preparing to flee the country. Notwithstanding the rather quixotic nature of these allegations, the court concludes that, even if true, they do not entitle Walsh to the requested relief.

Federal Rule of Civil Procedure 65 allows a court to impose an injunction *only* on property or conduct that is reasonably subject to equitable or legal claims. See Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc., 527 U.S. 308, 318-21, 331-33 (1999). An individual may be enjoined from using funds to which he

or she arguably has no right of possession, see Hoxworth v. Blinder, Robinson & Co., Inc., 903 F.2d 186, 198 (3d Cir. 1990), but may not be prohibited from alienating property to which he or she is legally entitled, even if dissipation of the assets may render the individual judgement-proof, see Grupo Mexicano, 527 U.S. at 319-21. Likewise, an individual may be enjoined from traveling to certain locations if he or she has no legal right to be in the area, see, e.g., Madsen v. Women's Health Ctr., Inc., 512 U.S. 753, 762-63 (1994), but may not be prevented from leaving a jurisdiction based only on concerns that he or she will not return for an upcoming civil trial, see Grupo Mexicano, 527 U.S. at 319-21.  The relief demanded by Walsh, a freeze of assets and passport surrender, targets property and conduct that is not presently subject to equitable or legal claims and is, for this reason, beyond the equitable authority of the court.  See id.; see also Herbstein v. Bruetman, 241 F.3d 586, 589, 598-99 (7th Cir. 2001).  The motion for a temporary restraining order will be denied.

 An appropriate order will issue.

              S/ Christopher C. Conner
             CHRISTOPHER C. CONNER
             United States District Judge

Dated:  August 23, 2005

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RORY M. WALSH,** | : | **CIVIL ACTION NO. 1:05-CV-0818** |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **THE UNITED STATES OF AMERICA, et al.,** | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 23rd day of August, 2005, upon consideration of the motion for a temporary restraining order (Doc. 11), and for the reasons in the accompanying memorandum, it is hereby ORDERED that the motion (Doc. 11) is DENIED.

    S/ Christopher C. Conner
    CHRISTOPHER C. CONNER
    United States District Judge