**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RORY M. WALSH,** | : | **CIVIL ACTION NO. 1:05-CV-0818** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| **v.** | : | |
| | : | |
| **THE UNITED STATES OF** | : | |
| **AMERICA, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## <u>ORDER</u>

AND NOW, this 17th day of May, 2006, upon consideration of *pro se* plaintiff's

motion for summary judgment (Doc. 45), arguing that judgment is appropriate

because defendants have not responded to plaintiff's requests for admissions, <u>see</u>

Fed. R. Civ. P. 36(a) ("The matter is admitted unless, within 30 days after service of

the request . . . the party to whom the request is directed serves upon the party

requesting the admission a written answer or objection addressed to the

matter . . . ."), and of plaintiff's motions (Docs. 49, 55) to compel responses to

discovery and for default judgment, and upon further consideration of defendants'

motions (Docs. 52, 53) to withdraw their de facto admissions and for an enlargement

of time in which to respond to plaintiff's discovery requests, and it appearing that

defendants' motion to dismiss is pending before the court (Doc. 32), and the court

finding that defendants' failure to respond timely to plaintiff's discovery requests

was the result of excusable neglect (<u>see</u> Docs. 51-52), <u>see</u> Fᴇᴅ. R. Cɪᴠ. P. 6(b)

("[When] an act is required or allowed to be done at or within a specified time, the

court for cause shown may . . . upon motion made after the expiration of the

specified period permit the act to be done where the failure to act was the result of

excusable neglect . . . ."); see also In re O'Brien Env. Energy, Inc., 188 F.3d 116, 125-

26 & n.7 (3d Cir. 1999) (discussing factors to be weighed in determining the

existence of excusable neglect), that withdrawal of defendants' de facto admissions

will not prejudice plaintiff's ability to maintain this action on the merits, see FED. R.

CIV. P. 36(b), and that disposition of the pending motion to dismiss (Doc. 32) may

narrow the scope of discovery, it is hereby ORDERED that:

1.   Plaintiff's motion for summary judgment (Doc. 45) is DENIED.

2.   Defendants' motions (Docs. 52, 53) to withdraw their de facto
     admissions and for an enlargement of time in which to respond to
     plaintiff's discovery requests are GRANTED.  See FED. R. CIV. P. 6(b),
     36(b).

     a.   Discovery in the above-captioned case is STAYED pending
          resolution of defendants' motion to dismiss (Doc. 32).

     b.   If necessary, discovery deadlines will be set by future order of
          court.

3.   Plaintiff's motions (Docs. 49, 55) to compel responses to discovery and
     for default judgment are DENIED as moot.


  /s/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge