IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RORY M. WALSH**, | : | CIVIL ACTION NO. 1:05-CV-0818 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **THE UNITED STATES OF AMERICA**, et al., | : | |
| Defendants | : | |

## ORDER

AND NOW, this 9th day of June, 2006, upon consideration of *pro se* plaintiff's motion for reconsideration (Doc. 61) of the order of court dated May 17, 2006 (Doc. 58), in which the court: (1) granted defendants' motion for an enlargement of time to respond to plaintiff's discovery requests, (2) stayed discovery pending resolution of a motion to dismiss,[1] (3) granted defendants' motion to withdraw their de facto admissions, see FED. R. CIV. P. 36(a) ("The [requested admission] is admitted unless, within 30 days after service of the request . . . the [opposing party] serves . . . a written answer or objection . . . ."); see also id. 36(b) ("Any matter admitted . . . is conclusively established *unless the court on motion permits the withdrawal or amendment of the admission*." (emphasis added)), and (4) denied plaintiff's motion for summary judgment (Doc. 45), as it was based entirely on the withdrawn de facto admissions, and the court finding that there are no manifest

---

[1] Because discovery was stayed, the court also denied as moot plaintiff's motion to compel responses and motion for "default judgment" on the motion to compel for defendants' failure to respond timely.

errors of law or fact in the order,[2] see Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985) ("The purpose of a motion for reconsideration is to correct manifest

---

[2] The court found that withdrawal of the admissions was appropriate and would not prejudice plaintiff's ability to present this case on its merits. See FED. R. CIV. P. 36(b) ("[T]he court may permit withdrawal . . . when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission . . . will [not be] prejudice[d] . . . in maintaining the action . . . on the merits."); see also id. 1 ("[The rules of civil procedure] shall be construed and administered to secure the just . . . and inexpensive determination of every action."); L.R. 7.6 ("Nothing . . . shall be construed to limit the authority of the court to grant any motion before expiration of the prescribed period for filing a responsive brief.").

After considering plaintiff's latest argument that he will suffer prejudice if defendants' admissions are withdrawn (see Doc. 62), the court finds that plaintiff has not demonstrated such prejudice. See, e.g., Skoczylas v. Atl. Credit & Fin., Inc., No. Civ.A. 00-5412, 2002 WL 55298 (E.D. Pa. Jan. 15, 2002); Coca-Cola Bottling Co. v. Coca-Cola Co., 123 F.R.D. 97, 106 (D. Del. 1988) ("Generally, courts have defined the prejudice as relating 'to the difficulty a party may face in proving its case because of the sudden need to obtain evidence required to prove the matter that had been admitted." (citations omitted)). This case is in the early stages of discovery, not on the eve of trial. Likewise, defendants' delay is minimal; defendants filed the motion to withdraw their de facto admissions within two months of plaintiff's requests for admissions. See FED. R. CIV. P. 36(a) (providing that a party has thirty days to respond to a request for admissions). Defendants failure to respond timely to discovery requests does not represent a pattern of repeated violations of the discovery rules. It was an isolated incident that defense counsel sought to remedy, albeit belatedly, by filing motions for an enlargement of time and to withdraw admissions. Allowing defendants to withdraw their admissions at this early stage in the litigation will permit the normal and just presentation of the case on the merits. See FED. R. CIV. P. 36 advisory committee notes ("[The provision for withdrawal of an admission] emphasizes the importance of having the action resolved on the merits . . . ."). In addition, plaintiff will have ample time to conduct discovery following resolution of the pending motion to dismiss. Accordingly, the court finds that requiring plaintiff, at this early stage in the litigation, to present the case on the merits through further discovery does not amount to prejudice and that permitting withdrawal of the admissions will subserve the presentation of the merits of the instant matter. See FED. R. CIV. P. 36(b).

errors of law or fact or to present newly discovered evidence . . . ."), it is hereby

ORDERED that the motion for reconsideration (Doc. 61) is DENIED.

                                                 /s/ Christopher C. Conner
                                                CHRISTOPHER C. CONNER
                                                United States District Judge