# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RORY M. WALSH,** | : | **CIVIL ACTION NO. 1:05-CV-0818** |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **THE UNITED STATES OF AMERICA**, et al., | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 15th day of June, 2006, upon consideration of *pro se* plaintiff's motion for reconsideration (Doc. 69) of the order of court dated June 9, 2006 (Doc. 64),[1] arguing, *inter alia*, that defendants defaulted on plaintiff's previous motion for reconsideration (Doc. 61) by filing an untimely brief in opposition,[2] and

---

[1] The order of court dated June 9, 2006 denied plaintiff's previous motion for reconsideration (Doc. 61).

[2] Plaintiff also argues that he was not given the opportunity to oppose defendants' motion to withdraw de facto admissions. However, the court may grant any motion before the time expires for filing a brief in opposition. See L.R. 7.6. Moreover, the court considered plaintiff's opposition when ruling on the previous motion for reconsideration. (See Doc. 64 at 2 n.2.) Plaintiff also avers that defendants have committed fraud upon the court by destroying discovery documents and by falsely stating that defendants began returning requests for admissions on April 13, 2006. The court finds these allegations unfounded. Counsel for defendants acknowledged that he failed to track the due dates for discovery requests properly because the time-stamped copies were either erroneously forwarded to defendants or destroyed. (See Doc. 51 ¶ 10.) Such failure, however, does not constitute fraud on the court and will not prevent defendants from timely responding to plaintiff's discovery requests. (See Doc. 65 at 15 ¶¶ 2-3 (lifting the stay of discovery and directing defendants to respond to discovery requests on or before July 14, 2006)). Likewise, the evidence of record demonstrates that defendants did indeed begin returning requests for admissions on April 13, 2006. (See Doc. 51, Ex. at 18.)

requesting that the court deem admitted those admissions sought from defendants General James L. Jones and the Department of the Navy and former defendants Colonel M. W. McErlean and "Special Agent West," see FED. R. CIV. P. 36(a), and it appearing that defendants filed a timely brief in opposition (Doc. 63),[3] see L.R. 7.6 (stating that a brief in opposition shall be filed within fifteen days after service of the brief in support); see also FED. R. CIV. P. 6(a) (providing the method for computing periods of time); id. 6(e) ("Whenever a party must or may act within a prescribed period after service and service is made under Rule 5(b)(2)(B), (C), or (D), *3 days are added after the prescribed period would otherwise expire* under subdivision (a)." (emphasis added)), and that the instant motion merely repeats arguments from plaintiff's initial motion for reconsideration, see Waye v. First Citizen's Nat'l Bank, 846 F. Supp. 310, 314 (M.D. Pa. 1994) ("A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of."), and the court finding that there are no manifest errors of law or fact in the challenged order, see Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985) ("The purpose of a motion for reconsideration is to correct manifest errors of law or fact . . . ."), it is hereby ORDERED that the motion for reconsideration (Doc. 69) is DENIED.

     /s/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[3] Even assuming, *arguendo*, that plaintiff's motion for reconsideration was unopposed, the court is not required to grant every unopposed motion. The court denied the motion for reconsideration after a substantive review. (See Doc. 64.)