**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RORY M. WALSH,** | : | **CIVIL ACTION NO. 1:05-CV-0818** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| | : | |
| **THE UNITED STATES OF** | : | |
| **AMERICA, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 25th day of July, 2006, upon consideration of *pro se* plaintiff's

motion for a telephone conference regarding requests for documents (Doc. 88),[1] and

it appearing that a telephone conference on discovery issues was held on July 21,

2006 (see Doc. 85),[2] and that defendants have responded to plaintiff's discovery

requests with objections (see Doc. 86), it is hereby ORDERED that the motion

(Doc. 88) is DENIED without prejudice to plaintiff's right to file a motion to compel,

specifically setting forth the documents and other discovery requested and their

relevance to plaintiff's remaining claims with respect to the alleged burglary of

---

[1] In correspondence to the court dated July 24, 2006, plaintiff also seeks a ruling on requests for admission. (See Doc. 87.) However, this issue is not properly before the court. See FED. R. CIV. P. 7(b)(1) ("An application to the court for an order shall be by motion . . . ."); see also L.R. 7.1, 7.5, 7.8.

[2] Only one day after the court resolved the discovery issues via a telephone conference (see Docs. 85, 86), plaintiff asserts that the court should reconsider its prior ruling because he can establish a causal connection between the alleged burglary and defendants. Plaintiff misinterprets the court's prior ruling. The court did not rule that plaintiff's *discovery requests* depended on plaintiff establishing a causal connection, but rather that plaintiff's *remaining alleged burglary claim* depended on plaintiff establishing a causal connection. Plaintiff's discovery requests simply depend, in part, on their relevance to the remaining claim.

plaintiff's residence in 2005 <u>and addressing defendants' previous objections</u>.  If

plaintiff files a motion to compel, <u>defendants shall file a response</u> in accordance

with federal and local rules of civil procedure.


   <u>/s/ Christopher C. Conner</u>
CHRISTOPHER C. CONNER
United States District Judge