**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RORY M. WALSH, | : | CIVIL ACTION NO. 1:05-CV-0818 |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| THE UNITED STATES OF AMERICA, | : | |
| et al., | : | |
| | : | |
| Defendants | : | |

## ORDER

AND NOW, this 11th day of August, 2006, upon consideration of plaintiff's

motion for reconsideration (Doc. 73) of the memorandum and order of court dated

June 9, 2006 (Doc. 65), dismissing claims brought pursuant to criminal statutes and

the Privacy Act, 5 U.S.C. § 552a, and dismissing claims brought pursuant to the

Federal Tort Claims Act[1] and 42 U.S.C. §§ 1983 and 1986 as barred by the Feres

doctrine, see Feres v. United States, 340 U.S. 135 (1950), in which plaintiff argues

that the court erroneously dismissed Privacy Act claims relating to the alleged

pilfering of plaintiff's mail by several individual defendants (see Doc. 73 at 2; Doc. 30

¶¶ 122-24), and that the court erroneously barred tort claims brought against Major

General Jerry D. Humble in his individual capacity (see Doc. 73 at 2), see Harsco

Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985) ("The purpose of a motion for

reconsideration is to correct manifest errors of law or fact or to present newly

discovered evidence."), and it appearing that the motion merely repeats arguments

---

[1] See 28 U.S.C. §§ 1291, 1346, 1402, 2401, 2402, 2411, 2412, 2671–2680.

addressed by the court in its memorandum and order granting defendants' motion

to dismiss (Doc. 65), see Waye v. First Citizen's Nat'l Bank, 846 F. Supp. 310, 314

(M.D. Pa. 1994) ("A motion for reconsideration is not to be used as a means to

reargue matters already argued and disposed of."), that the Privacy Act applies to

agencies and not individuals, see 5 U.S.C. § 552a; see also Unt v. Aerospace Corp.,

765 F.2d 1440, 1447 (9th Cir. 1985); Bruce v. United States, 621 F.2d 914, 916 n.2 (8th

Cir. 1980), that the amended complaint does not aver a harm arising from the

alleged disclosure of information, see Quinn v. Stone, 978 F.2d 126, 131 & n.6 (3d

Cir. 1992) (holding that a plaintiff alleging a Privacy Act claim must demonstrate a

"causal nexus between the disclosure and [an] adverse effect [from] that unlawful

disclosure"), and that plaintiff's Privacy Act claims—occurring almost twenty years

ago—are otherwise barred by the relevant statute of limitations, see 5 U.S.C.

§ 552a(g)(5); Green v. Westphal, 94 F. App'x 902, 904 (3d Cir. 2004) ("An action to

enforce rights under the Privacy Act must be brought within two years from the

date on which the cause of action arises."), and it further appearing that the Feres

doctrine applies to intentional tort claims against military defendants in their

individual capacities, see Jaffee v. United States, 663 F.2d 1226, 1234 (3d Cir. 1981)

("[T]he policy concerns expressed [in Feres] seem equally applicable to a case . . .

where government officials are sued in their individual capacity for intentional

torts."); see also Heilman v. United States, 731 F.2d 1104, 1112 (3d Cir. 1984)

("Despite the often harsh results . . . [c]ourts have construed Feres to preclude

claims of . . . intentional or constitutional torts by individuals and by the United

2

States . . . ."), it is hereby ORDERED that the motion for reconsideration (Doc. 73) is

DENIED.


                                                                 _S/ Christopher C. Conner____
                                                                CHRISTOPHER C. CONNER
                                                                United States District Judge