IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RORY M. WALSH,** | : CIVIL ACTION NO. 1:05-CV-0818 |
| **Plaintiff** | : (Judge Conner) |
| v. | : |
| **THE UNITED STATES OF AMERICA**, et al., | : |
| **Defendants** | : |

## ORDER

AND NOW, this 21st day of August, 2006, upon consideration of *pro se* plaintiff's motion for reconsideration (Doc. 104) of the order of court dated August 15, 2006 (Doc. 103), in which the court denied plaintiff's motion for leave to file an interlocutory appeal (Doc. 100), and the court finding that there are no manifest errors of law or fact in the challenged order,[1] see Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985) ("The purpose of a motion for reconsideration is to correct manifest errors of law or fact . . . ."), it is hereby ORDERED that the motion for reconsideration (Doc. 104) is DENIED.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[1] Although plaintiff asserts that the granting of immunity under Feres v. United States, 340 U.S. 135 (1950), is immediately appealable, the cases cited by plaintiff do not support this assertion. They do not involve the Feres doctrine, and demonstrate only that a *denial* of immunity is immediately appealable to avoid "subject[ing] government officials either to the costs of trial or to the burdens of broad-reaching discovery." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985); see also Brown v. Grabowski, 922 F.2d 1097 (3d Cir. 1990); Ismael v. Ali, 141 F. App'x 36 (3d Cir. 2005).