**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RORY M. WALSH,** | : | **CIVIL ACTION NO. 1:05-CV-0818** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| **v.** | : | |
| | : | |
| **THE UNITED STATES OF** | : | |
| **AMERICA, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM

Presently before the court is *pro se* plaintiff's motion to stay the proceedings pending appeal.[1]  There are few circumstances in which a district court may continue to exercise authority over a case after the filing of a notice of appeal, an "event of jurisdictional significance [that] confers jurisdiction on the court of appeals and divests the district court of its control over . . . the case."  Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58-59 (1982) (per curiam).  The district court may proceed if the notice relates to a non-appealable order or judgment.  Mondrow v. Fountain House, 867 F.2d 798, 800 (3d Cir. 1989); Venen v. Sweet, 758 F.2d 117, 120-22 (3d Cir. 1985).  The notice of appeal filed by plaintiff in this case represents such a circumstance.  Despite the notice, this court retains jurisdiction over these proceedings.

---

[1] Plaintiff filed a notice of appeal on August 25, 2006.  (See Doc. 111.)

The notice of appeal relates to an order denying plaintiff's motion for reconsideration of the memorandum and order of court dated June 9, 2006.[2] The appeal is premature. Interlocutory appeals are permitted only in limited situations, when continuation of proceedings would foreclose vindication of the rights asserted. This is not such a situation. Plaintiff may secure full relief on his claims following the entry of judgment in this case.[3] The order denying the motion for reconsideration is nonappealable, and the notice of appeal is ineffective to divest this court of jurisdiction. See Mondrow, 867 F.2d at 800; Venen, 758 F.2d at 120-22;

---

[2] Plaintiff sought reconsideration of the court's dismissal of his tort claims against Major General Jerry D. Humble and his Privacy Act claims. (See Docs. 65, 73, 74, 96.)

[3] Plaintiff argues that the *granting* of immunity under Feres v. United States, 340 U.S. 135 (1950), is immediately appealable under the "collateral order doctrine." See Johnson v. Jones, 515 U.S. 304, 310-11 (1995); Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949); Robinson v. Hartzell Propeller, Inc., 454 F.3d 163, 168 (3d Cir. 2006). This doctrine permits an "immediate appeal of an otherwise non-final collateral order if the order: (1) conclusively determines a disputed legal question, (2) resolves an important issue completely separable from the merits of the action, and (3) is effectively unreviewable on appeal from a final judgment." Id. The *denial* of immunity satisfies these three prongs and is, therefore, immediately appealable. See Mitchell v. Forsyth, 472 U.S. 511, 526-27 (1985). However, the *granting* of immunity does not satisfy the collateral order doctrine; it is not effectively unreviewable on appeal from a final judgment. See, e.g., Roth v. King, 449 F.3d 1272, 1281-82 (D.C. Cir. 2006); Baird v. Palmer, 114 F.3d 39, 42-43 (4th Cir. 1997); LaTrieste Rest. & Cabaret, Inc. v. Vill. of Port Chester, 96 F.3d 598, 599-600 (2d Cir. 1996); see also 15A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE §3914.10 (Supp. 2006) ("An order granting immunity to defendants may be no more or less separate from the merits, but cannot be appealed until there is a final judgment that disposes of the entire action . . . .").

<u>see also</u> Allan Ides, <u>The Authority of a Federal District Court To Proceed after a Notice of Appeal Has Been Filed</u>, 143 F.R.D. 307, 311-12 (1992).

This case will proceed according to the pretrial and trial schedule (Doc. 68) despite the notice of appeal.[4]  The decision to go forward is not in any way in derogation of the jurisdiction of the Court of Appeals for the Third Circuit.  The appellate court maintains exclusive authority to decide the merits of the appeal, and enjoys the discretion to stay further trial proceedings pending its decision.  In short, the fact that this court views the notice of appeal as invalid does not impinge on the

---

[4] As the Court of Appeals for the Third Circuit cogently remarked in addressing the district court's obligation to proceed in the face of a premature notice of appeal:

> We recognize that a district court may be reluctant to proceed when, in order to do so, it must in effect determine that the court of appeals has no jurisdiction.  Nevertheless, such a procedure has the salutary effect of avoiding delay at the trial level during the pendency of an ineffective appeal.  While this is not an invitation for district courts to resolve thorny issues of appellate jurisdiction, the application of the . . . rule [that a premature notice of appeal does not divest the district court of jurisdiction] is sufficiently clear, and the interest in expediting cases sufficiently strong, that the district courts should continue to exercise their jurisdiction when faced with clearly premature notices of appeal.

<u>Mondrow</u>, 867 F.2d at 800.

ability of the Court of Appeals to consider the issue *de novo*.[5]  Absent contrary

appellate directive, the parties should follow the current pretrial and trial schedule.


    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge


Dated:        August 31, 2006

---

[5] See United States v. Leppo, 634 F.2d 101, 105 (3d Cir. 1980); see also 28 U.S.C. § 1651 (providing for petition for writ of mandamus or prohibition); FED. R. APP. P. 8 (providing for motion to stay proceedings pending appeal).

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RORY M. WALSH,** | : | **CIVIL ACTION NO. 1:05-CV-0818** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| **v.** | : | |
| | : | |
| **THE UNITED STATES OF** | : | |
| **AMERICA, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 31st day of August, 2006, upon consideration of *pro se* plaintiff's motion to stay proceedings (Doc. 112) and notice of appeal (Doc. 111), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1.    The motion to stay proceedings (Doc. 112) is DENIED.

2.    All previous scheduling orders entered in the above-captioned case remain in full force and effect.


     S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge