# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RORY M. WALSH**, | : | **CIVIL ACTION NO. 1:05-CV-0818** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| | : | |
| **THE UNITED STATES OF AMERICA**, et al., | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 6th day of October, 2006, upon consideration of *pro se* plaintiff's motion to hold defendants in contempt, for sanctions, and to require defendants to attend depositions (Doc. 127), and it appearing that the instant motion seeks the resolution of a discovery issue but does not include a certification that plaintiff attempted in good faith to resolve the issue without court intervention, see FED. R. CIV. P. 37(a)(2)(B); see also L.R. 26.3, that five business days is not "reasonable notice" of the depositions,[1] see FED. R. CIV. P. 30(b)(1), the plaintiff's notice to the Navy did not "describe with reasonable particularity the matters on which examination is requested," see id. 30(b)(6), that counsel for defendants

---

[1] Plaintiff faxed a letter to counsel for defendants on September 8, 2006 directing defendants General James L. Jones, Jr. and the United States Department of the Navy ("Navy") and former defendants Paul D. Roy, Special Agent West, Richard M. Wenzell, Thomas F. Ghormley, M.W. McErlean, and Michael J. Byron to appear for depositions on September 15, 2006. (Doc. 140, Ex. A.)

properly objected to plaintiff's notice of depositions (see Doc. 140, Ex. B),[2] and that plaintiff acknowledges the deficiencies of his prior notices of deposition (see Doc. 141 at 4), it is hereby ORDERED that the motion (Doc. 127) is DENIED.[3]

    /s/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[2] With respect to the notice of deposition of defendant Jones, counsel for defendant informed plaintiff that defendant Jones invoked the protection of the Servicemember's Civil Relief Act. (Doc. 140, Ex. B.) Plaintiff contends that defendant Jones has not met the requirements under the Act. (See Doc. 128 ¶ 5.) However, counsel for defendants indicates that he and the Navy are gathering the necessary documentation for defendant Jones's protection under the Act and will subsequently submit an application with the court. (See Doc. 140 at 4.)

[3] The court would be remiss if it did not address plaintiff's accusation that counsel for defendants, in a September 25, 2006 letter to plaintiff (Doc. 141, Ex. C), acknowledged that counsel will continue to defy the rules and the authority of this court. (See Doc. 141 at 5.) Plaintiff's accusation is without merit. The letter merely outlines the deficiencies in plaintiff's subsequent notice of deposition of Paul D. Roy and offers plaintiff a suggestion that he could seek an enlargement of time in which to conduct discovery. (See Doc. 141, Ex. C.) Plaintiff also argues that defendants have not responded to other discovery requests, e.g., document requests and requests for admission. (See Doc. 141 at 2.) These discovery requests, however, are not presently before the court.