IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RORY M. WALSH,** | : | CIVIL ACTION NO. 1:05-CV-0818 |
| | : | |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| | : | |
| **THE UNITED STATES OF AMERICA**, et al., | : | |
| | : | |
| Defendants | : | |

### ORDER

AND NOW, this 15th day of February, 2007, upon consideration of the motions (Docs. 163, 166) to disqualify counsel for defendants and for a discovery conference,[1] filed by plaintiff, and it appearing that plaintiff is presently represented by counsel (see Doc. 168),[2] it is hereby ORDERED that the motions (Docs. 163, 166) to disqualify counsel for defendants and for a discovery conference are STRICKEN

---

[1] The court notes that a telephone conference is currently scheduled for 2:00 p.m. on Tuesday, February 20, 2007 with counsel for the parties to discuss, *inter alia*, outstanding discovery issues, i.e., General James L. Jones, Jr.'s verification of answers to plaintiff's requests for admission and plaintiff's September 2 and 15, 2006 discovery requests. (See Docs. 161, 170.)

[2] Although plaintiff filed a notice to continue *pro se* (Doc. 165), Richard R. Gan, Esquire, has not yet been terminated as counsel for plaintiff and Sara A. Austin, Esquire, entered her appearance on behalf of plaintiff (see Doc. 168).

from the record in the above-captioned case[3] without prejudice to plaintiff's right to file subsequent motions through counsel of record.

        S/ Christopher C. Conner
        CHRISTOPHER C. CONNER
        United States District Judge

---

[3] See Abdullah v. United States, 240 F.3d 683, 686 (8th Cir. 2001) ("A district court has no obligation to entertain pro se motions filed by a represented party."); United States v. Tracy, 989 F.2d 1279, 1285 (1st Cir. 1993); United States v. Gallardo, 915 F. Supp. 216, 218 n.1 (D. Nev. 1995) (same); Non-Punitive Segregation Inmates of Holmesburg Prison v. Kelly, 589 F. Supp. 1330, 1335-36 (E.D. Pa. 1984) (same); see also McKaskle v. Wiggins, 465 U.S. 168, 183 (1984) ("[The Constitution] does not require a trial judge to permit 'hybrid' representation . . . ."); United States v. Singleton, 107 F.3d 1091, 1100 & n.7 (4th Cir. 1997) (same); Linnen v. Armainis, 991 F.2d 1102, 1105 & n.3 (3d Cir. 1993) (same); United States v. Romano, 849 F.2d 812, 816 (3d Cir. 1988) (same); cf. United States v. Goldberg, 67 F.3d 1092, 1098 (3d Cir. 1995).