IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RORY M. WALSH,** | : CIVIL ACTION NO. 1:05-CV-0818 |
| **Plaintiff** | : |
| v. | : (Judge Conner) |
| **THE UNITED STATES OF AMERICA, et al.,** | : |
| **Defendants** | : |

**ORDER**

AND NOW, this 14th day of May, 2007, upon consideration of defendant General James L. Jones, Jr.'s request to be deposed at the Pentagon in Washington, D.C. (Doc. 193),[1] see FED. R. CIV. P. 26(c)(2), and plaintiff's response thereto (Doc. 194), and following a telephone conference with the parties on May 4, 2007 (see Doc. 190), and it appearing that the deposition of a defendant need not take place within the forum, see Trans Pacific Ins. Co. v. Trans-Pacific Ins. Co., 136 F.R.D. 385, 393 (E.D. Pa. 1991) ("The court has considerable discretion in determining the place of a deposition."); First Fidelity Bancorporation v. Nat'l Union Fire Ins. Co., No. 90-1866, 1992 WL 46881, at *5 (E.D. Pa. Mar. 5, 1992) (same); 8A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2112 (2d ed. 2007) ("[C]ourts are more willing to protect defendant from having to come to the forum for the taking of his or her deposition . . . ."); see also O'Sullivan v. Rivera, 229 F.R.D. 187, 189 (D.N.M. 2004) (finding that a

---

[1] Plaintiff scheduled the deposition for June 4, 2007 in York, Pennsylvania.

defendant "subject[ing] himself to personal jurisdiction . . . is insufficient, in and of itself, to require him to travel" to the forum to be deposed), and that defendant resides in Washington, D.C., see First Fidelity, 1992 WL 46881, at *5 ("[A]lthough the federal rules do not prevent the plaintiff from designating any place he chooses for taking defendant's deposition[,] it is presumed that the defendant will be examined at his residence or at his place of business or employment." (citing Cont'l Fed. Sav. & Loan Ass'n v. Delta Corp. of America, 71 F.R.D. 697 (W.D. Okla. 1976))); and the court finding that, given the nature of the allegations in this case, security concerns favor the Pentagon as the deposition location or a video or telephone deposition, it is hereby ORDERED that:

1. Defendant's request (Doc. 193) is CONSTRUED as a motion or a protective order under Rule 26(c)(2) of the Federal Rules of Civil Procedure and is GRANTED as so construed.

2. Plaintiff shall choose from the following options for the deposition of defendant General James L. Jones, Jr. and shall inform defendant on or before May 21, 2007:

   a. The deposition shall occur at the Pentagon in Washington, D.C.,

   b. The deposition shall be conducted by video conference, or

   c. The deposition shall be conducted by telephone.


　　S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge