## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RORY M. WALSH,** | : | **CIVIL ACTION NO. 1:05-CV-0818** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| | : | |
| **THE UNITED STATES OF** | : | |
| **AMERICA**, et al., | : | |
| | : | |
| **Defendants** | : | |

### MEMORANDUM

Presently before the court is plaintiff's motion (Doc. 206) requesting that the

court reconsider or vacate in part the July 11, 2007 order (Doc. 205) issued by

Magistrate Judge Smyser which denied plaintiff's motion to compel the Department

of the Navy ("Navy") to produce requested documents.[1]  For the reasons that follow,

the motion to reconsider or vacate will be granted and the motion to compel will be

granted in part and denied in part.

---

[1] Pursuant to the order of court dated June 16, 2006 (Doc. 68), plaintiff did not
file a formal motion to compel.  Instead, he requested a telephone conference and
submitted correspondence regarding the discovery dispute.  (See id. ¶ 5(b) ("In the
event that discovery disputes arise and are not resolved after counsel attempt in
good faith to do so, the matter shall be brought before the court by way of a
telephone conference rather than through the filing of formal motions.")).  As noted,
the matter was subsequently referred to Judge Smyser.  To expedite the disposition
of this matter, the court will construe plaintiff's initial correspondence as a motion
to compel.

Following an April 23, 2007 telephone conference with the parties, the court

directed the Navy to respond to plaintiff's discovery requests.[2] (See Docs. 184, 192.)

The ruling was without prejudice to the Navy's right to object to plaintiff's discovery

requests. (See Doc. 192.) After the Navy objected to some of the discovery requests,

plaintiff sought a court ruling on the "propriety of the Navy's objections to much of

Plaintiff's Fourth Request for Production of Documents."[3] (Pl.'s Correspondence

dated June 28, 2007.) The order of court dated July 2, 2007 (Doc. 199) referred this

issue to Magistrate Judge Smyser.[4]

After conducting a discovery conference on July 11, 2007, Magistrate Judge

Smyser cited Rule 34 of the Federal Rules of Civil Procedure and ruled that "no

Order will be entered directed to the United States Department of the Navy in that

the United States Department of the Navy is not a party to this civil action."

(Doc. 205 at 1-2; see also Tr. at 32-35.)[5] The following day, plaintiff filed a motion

---

[2] Although the Navy was no longer a party and plaintiff did not fully comply with Rule 45 of the Federal Rules of Civil Procedure, the court ordered the Navy to respond to plaintiff's fourth request for production of documents. See Fed. R. Civ. P. 34(a) (providing for requests for production of documents on "any other *party*" (emphasis added)); see also id. 34(c) ("A person not a party to the action may be compelled to produce documents and things or to submit to an inspection as provided in Rule 45 [regarding subpoenas].").

[3] See supra note 1.

[4] Other discovery issues were referred to Magistrate Judge Smyser. His ruling on these other issues is not in dispute.

[5] The transcript references in this memorandum are to the transcript of the discovery conference held before Magistrate Judge Smyser on July 11, 2007. (See Doc. 204.)

(Doc. 206) requesting that the court reconsider or vacate in part Magistrate Judge Smyser's ruling.  The court will construe this motion as an appeal from a non-dispositive order of a magistrate judge.[6]

Magistrate Judge Smyser correctly found that requests for production of documents to a non-party are not permitted under the Federal Rules of Civil Procedure without a subpoena.  See FED. R. CIV. P. 34.  However, because the court previously ordered the Navy—a non-party at the time—to respond to plaintiff's fourth request for production of documents, the court will vacate Magistrate Judge Smyser's order with respect to the Navy and will evaluate the merits of plaintiff's discovery requests and the Navy's objections thereto.

Plaintiff's fourth request for production of documents is comprised of 22 numbered requests.  The Navy objected to the requests numbered 2 through 7 and 9 through 18.  Despite these objections, the Navy responded to request numbers 6, 10, and 12 through 16 by indicating that no documents or statements exist.  Therefore, the court will deny plaintiff's motion to compel with respect to request numbers 6, 10, and 12 through 16 without further discussion.  The court will address the remaining discovery requests at issue *seriatim*.

---

[6] See L.R. 72.2 ("A judge of the court shall consider the appeal and shall set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."); see also 28 U.S.C. § 636(b)(1)(A) (same).

## A.   Request Number 2

Plaintiff's request number 2 seeks "any and all documents responsive to or identified by Defendants' (present and/or dismissed) Response(s) to any of Plaintiff's Interrogatories."  (Pl.'s Correspondence dated June 28, 2007.)  The Navy's objection states that the "request is burdensome and irrelevant" and it "solicits documents that were identified by persons who no longer are parties to this action." (Id.)

The orders of court dated June 9, 2006 and October 30, 2006 (Docs. 65, 155) dismissed most of plaintiff's claims and all but one defendant.  The only remaining claim in the instant action involves the alleged break-in of plaintiff's residence in March 2005.  The only remaining defendant is General James L. Jones, Jr. ("Jones").[7]  The court finds that documents responsive to request number 2 as it relates to the remaining claim are "reasonably calculated to lead to the discovery of admissible evidence."  FED. R. CIV. P. 26(b)(1).  Therefore, the court will order the Navy to provide documents responsive to discovery request number 2 only as it relates to the remaining claim.  The court notes that the discovery requests at issue were directed to the Navy.  Accordingly, the Navy shall be required to respond to

---

[7] Plaintiff has sought leave to supplement the amended complaint with other alleged break-ins and incidents involving defendant Jones, all of which occurred after plaintiff filed the first amended complaint.  (See Doc. 223.)  These additional claims are not currently before the court.  Even if these claims were properly joined, the court's ruling on plaintiff's motion to compel would remain unchanged if plaintiff is permitted to supplement the amended complaint with these new allegations.

request number 2 only with respect to plaintiff's interrogatories propounded on the

Navy, not to any interrogatories propounded on other former or current

defendants.[8]

### B.    Request Numbers 3 through 5

In request numbers 3 through 5, plaintiff states:

3.      Please provide the name, rank, and official photograph of all
        Marine Corps CI personnel assigned to Paris Island and MCAS
        Beaufort, South Carolina between May of 1983 and November of
        1983.

4.      Please provide the name, rank, and official photograph of all
        Marine Corps CI personnel who served with NIS at Subic Bay
        from 1986-1988.

5.      Please provide the name, rank, and official photograph of all
        Marine Corps CI personnel who served with NCIS from
        January 1, 2005 to the present.

(Pl.'s Correspondence dated June 28, 2007.)  The Navy's objection states that these

requests are "irrelevant, overbroad and burdensome" and they "solicit privileged

information."  (Id.)  The Navy also contends that disclosure of the identities of these

Marine CI agents "could jeopardize a classified counterintelligence investigation or

operation and place [the agents] in danger."  (Id.)

---

[8] Request number 11 is similar to request number 2.  It seeks all supporting
documents for "any response by any Defendant, current or dismissed, to any of
Plaintiff's Requests for Admission [that] was other than 'admitted.'"  (Pl.'s
Correspondence dated June 28, 2007.)   As with request number 2, the court will
order the Navy to provide documents responsive to discovery request number 11
only as it relates to the remaining claim and only with respect to plaintiff's requests
for admission propounded on the Navy.

Without deciding the merits of the Navy's other objections, the court finds

that these requests are overbroad.  Plaintiff contends that he recognizes the

perpetrators of the alleged incidents as Marine CI personnel from his time of

service, and therefore needs the documents requested to identify the perpetrators.

(See Tr. at 16.)  However, plaintiff does not offer any characteristics of the alleged

perpetrators to limit his request.  Rather, he requests identifying information of *all*

Marine CI agents for the specified time periods.[9]  Such a broad request is a "fishing

expedition" which the court will not permit.  Therefore, the court will deny

plaintiff's motion to compel with respect to the request numbers 3 through 5.

### C.    Request Number 7

Plaintiff's request number 7 seeks "former Defendant Ghormley's Military ID

care."  (Pl.'s Correspondence dated June 28, 2007.)  The Navy responded with the

same objections as with request numbers 3 through 5 and also stated that disclosure

of the ID care "would constitute a clearly unwarranted invasion of personal

privacy."  (Id.)

The court finds that request number 7 is not relevant to the remaining

allegations and is not "reasonably calculated to lead to the discovery of admissible

evidence."  FED. R. CIV. P. 26(b)(1).  During the discovery conference, plaintiff

argued that the ID card would lead to admissible evidence because former

---

[9] In fact, plaintiff acknowledged during the discovery conference that he
essentially wants a photo identification lineup of all of these Marine CI agents.  (See
Tr. at 22-23.)

defendant Ghormley used two different first names and Ghormley and Jones were long term acquaintances.  (See Tr. at 25-26.)  This argument is unpersuasive.  In his amended complaint, plaintiff makes no allegations that the relationship between Jones and Ghormley involved the alleged break-in.  The only allegations involving Jones and Ghormley deal with their refusal to:  (1) correct plaintiff's records and (2) allow plaintiff to return to active duty.  (See Doc. 30 at 7, 15-16.)  The order of court dated June 9, 2006 (Doc. 65) dismissed all claims related to these allegations.  Accordingly, the court will deny plaintiff's motion to compel with respect to the request number 7.

###    D.    Request Number 9

Plaintiff's request number 9 seeks "the [Department of Justice] letter approving of the MDPA U.S. Attorney's office representation of all Defendants in this case."  (Pl.'s Correspondence dated June 28, 2007.)  The Navy objects to this request stating that it is irrelevant and "requests privileged documents."  (Id.)  During the discovery conference, plaintiff indicated that this discovery request involved the Feres[10] doctrine and plaintiff's request to depose Attorney Mark Morrison and his legal assistant.  (See Tr. at 27.)  The order of court dated June 9, 2006 (Doc. 65) resolved the Feres doctrine issues in favor of defendants.  Likewise, Magistrate Judge Smyser held that plaintiff could not depose Attorney Morrison or

---

[10] Feres v. United States, 340 U.S. 135 (1950).

his legal assistant.[11] (See Doc. 205; see also Tr. at 50.) Therefore, request number 9 is moot. In addition, the court finds that the information sought in this request is not relevant to the remaining allegations and is not "reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1). Accordingly, the court will deny plaintiff's motion to compel with respect to request number 9.

### E.   Request Numbers 17 and 18

In request numbers 17 and 18, plaintiff states:

17.   Please provide any and all liquidated travel orders, credit card bills, hotel receipts, toll gate receipts, and travel claims regarding Defendant Jones' movement while the CO of the 24th MEU and from 1999 to the present, including but not limited to travels within or around the Commonwealth of Pennsylvania.

18.   Please provide any and all Leave Orders and Unit Diary entries for Defendant Jones from 1999 to the present.

(Pl.'s Correspondence dated June 28, 2007.) The Navy's objections to these requests state that the requests are burdensome, irrelevant, and overbroad.[12] The Navy also contends that request number 18 solicits privileged information. (Id.)

Without deciding the merits of the Navy's other objections, the court finds that these requests are overbroad and unduly burdensome. They are not limited to the relevant time period of the alleged March 2005 break-in. See Motton v. Owens,

---

[11] Plaintiff did not appeal Magistrate Judge Smyser's ruling on this issue.

[12] The parties did not specifically address request numbers 17 and 18 during the discovery conference. However, Attorney Morrison argued that an objection common to most of the discovery requests was that the request does not relate to the remaining claim. (See Tr. at 13.) The Navy's objection to request numbers 17 and 18 clearly encompasses this general argument.

128 F.R.D. 72, 73 (M.D. Pa. 1989) ("[Plaintiff's] failure to have requested production [of documents] pertaining to a relevant time period itself makes Plaintiff's discovery overbroad and unduly burdensome.").  Therefore, the court will deny plaintiff's motion to compel with respect to request numbers 17 and 18.

An appropriate order will issue.

         S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge


Dated:        August 22, 2007

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RORY M. WALSH,** | : | **CIVIL ACTION NO. 1:05-CV-0818** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| **v.** | : | |
| | : | |
| **THE UNITED STATES OF** | : | |
| **AMERICA**, et al., | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 22nd day of August, 2007, upon consideration of plaintiff's

motion for reconsideration or to vacate (Doc. 206), and plaintiff's motion to compel,

and for the reasons set forth in the accompanying memorandum, it is hereby

ORDERED that:

1. The motion for reconsideration or to vacate (Doc. 206) is
   CONSTRUED as an appeal from a non-dispositive order of a
   magistrate judge and is GRANTED as so construed.  The order of
   court dated July 11, 2007 (Doc. 205) is VACATED in part.  Specifically,
   the ruling regarding the Department of the Navy is vacated.

2. The motion to compel is GRANTED in part and DENIED in part as
   follows:

   a. The motion to compel is GRANTED with respect to plaintiff's
      request numbers 2 and 11:

      i. On or before September 21, 2007, the Department of the
         Navy shall provide documents, if any, responsive to
         plaintiff's request number 2 only as it relates to the
         remaining claim and only with respect to plaintiff's
         interrogatories propounded on the Department of the
         Navy.

     ii.      On or before September 21, 2007, the Department of the Navy shall provide documents, if any, responsive to plaintiff's request number 11 only as it relates to the remaining claim and only with respect to plaintiff's requests for admission propounded on the Department of the Navy.

b.     The motion to compel is otherwise DENIED.


        S/ Christopher C. Conner
        CHRISTOPHER C. CONNER
        United States District Judge