IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RORY M. WALSH,** | : | **CIVIL ACTION NO. 1:05-CV-0818** |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **THE UNITED STATES OF AMERICA, et al.,** | : | |
| Defendants | : | |

## ORDER

AND NOW, this 29th day of November, 2007, upon consideration of plaintiff's motion (Doc. 250) requesting: (1) reconsideration of the memorandum and order of court dated June 9, 2006 (Doc. 65) in which the court, *inter alia*, ruled that the Federal Tort Claims Act ("FTCA") claims against Jerry D. Humble ("Humble") and the United States Department of the Navy ("Navy") were barred by the Feres doctrine,[1] and (2) joinder of Robert D. Hogue ("Hogue") and Michael W. Hagee ("Hagee") as defendants pursuant to Rule 19 of the Federal Rules of Civil Procedure, and the court finding that there are no manifest errors of law or fact in

---

[1] Feres v. United States, 340 U.S. 135 (1950).

the challenged memorandum and order,[2] see Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985) ("The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence . . . ."), and

---

[2] Citing Everett v. United States, plaintiff argues that he has a negligent failure to warn claim that is not barred by the Feres doctrine. He contends that the failure to warn him of the dangers of arsenic poisoning was distinct conduct that occurred after plaintiff's military service ended. See Everett, 492 F. Supp. 318, 325 (S.D. Ohio 1980) (finding that a negligent failure to warn FTCA claim was not barred by the Feres doctrine "[b]ecause the independent negligent act of failure to warn the plaintiff's decedent of the danger in which defendant had placed him occurred after the decedent's discharge"). Plaintiff's argument is unavailing. First, even a liberal reading of the complaint (Doc. 30), see Haines v. Kerner, 404 U.S. 519, 520 (1972); Leamer v. Fauver, 288 F.3d 532, 547-48 (3d Cir. 2002), reveals that plaintiff did not raise a negligent failure to warn FTCA claim. More importantly, plaintiff's argument fails on its merits. The failure to warn in the instant case "arises from the same [alleged] operative conduct which caused the original injuries." Heilman v. United States, 731 F.2d 1104, 1107 (3d Cir. 1984). Plaintiff alleges that Humble put a "chemical compound that contain[ed] arsenic" into his drink "with the premeditated intent to kill" plaintiff. (Doc. 30 ¶ 59.) Viewed in the context of this allegation, there can be no doubt that Humble would have been aware of the dangers of such an action *at that time*. Therefore, "any duty to warn would have arisen at the same time as the [alleged] exposure" to arsenic occurred when plaintiff was still enlisted in the Navy. Heilman, 731 F.2d at 1108. Accordingly, any failure to warn FTCA claim is barred by the Feres doctrine. See id. at 1109 ("Since the failure to warn arose at the same time as the original injury, and both occurred while [plaintiff] was enlisted in the military, the Feres doctrine leaves the courts without jurisdiction to entertain the suit.").

that joining Hogue and Hagee as defendants pursuant to Rule 19 is not warranted,[3] it is hereby ORDERED that the motion for reconsideration and joinder (Doc. 250) is DENIED.

                                                  S/ Christopher C. Conner
                                                  CHRISTOPHER C. CONNER
                                                  United States District Judge

---

[3] Plaintiff seeks to join Hogue and Hagee because they have participated in discovery on behalf of the remaining defendant, General James L. Jones, Jr., and have allegedly committed some wrongdoing with respect to this discovery. (See Doc. 255 ¶¶ 3-7.)  Such participation does not transform them into defendants in the instant action.  Notably, plaintiff does not even attempt to satisfy the requirements of Rule 19 for joining a party.  See FED. R. CIV. P. 19(a) ("A person . . . shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action . . . .").