IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RORY M. WALSH**, | : | **CIVIL ACTION NO. 1:05-CV-0818** |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **THE UNITED STATES OF AMERICA**, et al., | : | |
| Defendants | : | |

## ORDER

AND NOW, this 7th day of April, 2008, upon consideration of the "motion for issuance of restraining order and/or protective order and to rejoin the Navy" (Doc. 291),[1] in which *pro se* plaintiff seeks a restraining or protective order pursuant to 18 U.S.C. §§ 1514, 3771 for the alleged continued harassment and surveillance by defendant General James L. Jones, Jr. or individuals acting on behalf of defendant

---

[1] In the motion, plaintiff incorrectly states that "during 2007, nine (9) additional counts were added to this action *unopposed by the defendants*." (Doc. 292 at 5 (emphasis added)). On September 14, 2007, the only remaining defendant, General James L. Jones, Jr., answered plaintiff's supplement to the first amended complaint by denying the additional allegations. (See Doc. 230.)

Jones,[2] and it appearing that an attorney for the government has not applied for this temporary restraining order and the above-captioned matter is not a criminal case, see 18 U.S.C. § 1514(a)(1) ("A United States district court, *upon application of the attorney for the Government*, shall issue a temporary restraining order prohibiting harassment of a victim or witness *in a Federal criminal case . . . .*" (emphasis added)), and that the evidence presented in the instant motion is insufficient for the court to find that plaintiff satisfies the definition of a crime victim in 18 U.S.C. § 3771 or that defendant Jones or individuals acting on behalf of defendant Jones have committed a federal offense, see id. § 3771(a)(1) ("A crime victim has the following rights: . . . [t]he right to be reasonably protected from the accused."); id. § 3771(e) (defining "crime victim" as "a person directly and proximately harmed as a result of the commission of a Federal offense or an offense

---

[2] Plaintiff also seeks to rejoin the Navy to this action. The only remaining claims are Fourth and Fifth Amendment claims under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). The order of court dated October 30, 2006 (Doc. 155) dismissed the United States and the Department of the Navy from this action because the court lacks subject matter jurisdiction over Bivens claims against the United States and its agencies. See FDIC v. Meyer, 510 U.S. 471, 483-86 (1994); Munoz v. Attorney for U.S. Executive Office, No. 4:03-CV-2293, 2006 WL 2246413, at *7 (M.D. Pa. Aug. 4, 2006) (dismissing Fourth and Fifth Amendment Bivens claims against the United States for lack of subject matter jurisdiction because "constitutional claims against the United States are barred by sovereign immunity" and a Bivens "action can be brought only against federal *agents* in their *individual capacities*" (emphasis added)). For the same reason, it is inappropriate to rejoin the Navy at this time. To the extent that plaintiff seeks to hold the Navy accountable for the actions of defendant Jones, this argument is without merit. See Parker v. United States, No. 05-5281, 2006 WL 2547233, at *1 n.1 (3d Cir. Sept. 5, 2006) (stating that "liability under Bivens . . . may not [be] based on the doctrine of *respondeat superior*"). Therefore, the court will deny plaintiff's request to rejoin the Navy to this action without further discussion.

in the District of Columbia"), it is hereby ORDERED that the motion (Doc. 291) is DENIED.[3]

          S/ Christopher C. Conner
          CHRISTOPHER C. CONNER
          United States District Judge

---

[3] The court notes that plaintiff also refers to unsuccessful attempts to schedule the Local Rule 16.3 attorney's conference with counsel for defendant. The order of court dated April 1, 2008 (Doc. 290) stayed the pretrial and trial schedule in the above-captioned case pending resolution of the motions for summary judgment (Docs. 269, 273). Therefore, this issue is moot and plaintiff shall refrain from attempting to schedule the conference until the court issues a new pretrial and trial schedule, if necessary after resolution of the pending motions for summary judgment (Docs. 269, 273).