**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RORY M. WALSH,** | : | **CIVIL ACTION NO. 1:05-CV-0818** |
| | : | |
| **Plaintiff** | : | **(Chief Judge Conner)** |
| **v.** | : | |
| | : | |
| **THE UNITED STATES OF** | : | |
| **AMERICA**, *et al.*, | : | |
| | : | |
| **Defendants** | : | |

**MEMORANDUM**

Presently before the court is *pro se* plaintiff Rory M. Walsh's ("Walsh")

motion (Doc. 306) for relief and to reopen the above-captioned case pursuant to

Federal Rules of Civil Procedure 60(b)(2) and (b)(3).  For the following reasons,

Walsh's motion will be denied.

I.    **Statement of Facts**

Walsh instituted the instant action on April 25, 2005.  (Doc. 1).  He amended

the complaint on October 21, 2005.  (Doc. 30).  In the amended complaint, Walsh

alleges that defendant General James L. Jones, Jr. ("Jones") violated his Fourth

and Fifth Amendment rights when Jones, or Naval Intelligence Agents instructed

by Jones, broke into Walsh's residence and stole various items in March 2005.  (Id.

¶¶ 92, 111-14).  The court dismissed all other claims and defendants on June 6 and

October 30, 2006.  (See Doc. 65 at 15 (denying motion to dismiss only with respect to

the Fourth and Fifth Amendment claims against Jones, the United States, and the

Navy); Doc. 155 (dismissing claims against the United States and the Navy)).  The

court allowed Walsh to supplement his amended complaint on August 29, 2007, with

additional allegations of break-ins and surveillance that purportedly occurred on several dates from October, 2005 through July, 2007.

On January 4, 2008, Walsh and Jones filed cross-motions for summary judgment (Docs. 269, 273). On June 10, 2008, the court granted summary judgment in favor of Jones and against Walsh. (Doc. 298). The court reasoned that Walsh failed to offer any admissible evidence upon which a jury could find that Jones was directly or indirectly involved in any of the alleged improper conduct occurring from 2005 to 2007. (Id.) The Third Circuit affirmed the court's decision on May 5, 2009, 328 Fed. App'x 806, and the Supreme Court denied certiorari on November 2, 2009, 130 S. Ct. 502.

Walsh filed the instant motion on June 21, 2013, requesting the court to reopen the action under Rule 60(b)(2) and (3) on the basis of new evidence and fraud before the court. (Doc. 306, 307). Walsh submits a number of exhibits which he alleges is "new evidence" of additional break-ins and other conduct that Walsh attributes to defendants. (Doc. 307 Ex. A-J). The motion is fully briefed and ripe for disposition.

## III.  Standard of Review

Before the court can grant a motion for relief under Rule 60(b)(2), the movant must establish that the new evidence (1) is material; (2) could not have been reasonably discovered in time to file a motion for a new trial; and (3) could have changed the outcome of the case. See Compass Tech., Inc. v. Tseng Lab., Inc., 71 F.3d 1125, 1130 (3d Cir. 1995). To prevail under Rule 60(b)(3), the movant must establish by clear and convincing evidence that the opposing party engaged in

fraud or misconduct, and that this conduct prevented the movant from fully

presenting his case.  <u>Stridiron v. Stridiron</u>, 698 F.2d 204, 207 (3d Cir. 1983).

**IV.  <u>Discussion</u>**

In addition to his Rule 60 arguments, Walsh requests the court to strike

defendants' opposition brief and to recuse.  Defendants assert that Walsh's motion

is not timely.  The court will address each issue in turn.

**A.    Striking Opposition Brief**

Walsh contends that the court should strike defendants' opposition brief

because counsel allegedly did not enter an appearance "in the lower court action"

and did not properly sign her brief.  (Doc. 309 at 2).  It is unclear what "lower court"

to which Walsh is referring since his suit was originally filed in this court.

Moreover, it appears that counsel did enter her appearance on the record on July

11, 2007, on behalf of Mark Morrison and Phyllis Mitchell.  (<u>See</u> Doc. 203).

Additionally, the signing of a pleading or motion constitutes an entry of appearance.

L.R. 83.14.

Walsh further asserts that defendants' counsel did not properly sign her brief

because she did not include an "/s/" before her name in accordance with the ECF

User Manual filing guidelines.  However, Walsh cites no rule or statute requiring

the court to strike a brief if it contains a technical violation of the filing guidelines

found in the ECF User Manual.  This is a trivial omission that has no impact on the

substance of the subject brief and the court will not penalize defense counsel for

mere inadvertence.

**B.     Recusal Request**

Walsh further avers that the court must recuse itself because the undersigned is a defendant to Walsh's suit in the United States District Court for the District of Columbia, wherein Walsh asserts the undersigned engaged in misconduct by not ruling in favor of Walsh in the above-captioned case. (See Case No. 1:11-CV-2215).[1] Walsh also claims that the undersigned must recuse himself from consideration of this motion because previously he has not ruled in favor of Walsh in the above-captioned case.

Walsh's recusal request is improperly raised in the context of a Rule 60 motion. Walsh must file a separate motion for recusal. Moreover, the grounds upon which Walsh's request rests are unavailing. The Third Circuit has repeatedly observed that "a party's displeasure with legal rulings does not form an adequate basis for recusal." Securacomm Consulting, Inc. v. Securacom, Inc., 224 F.3d 273, 278 (3d Cir. 2000) (citing In re TMI Litig., 193 F.3d 613, 728 (3d Cir. 1999) and Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1356 (3d Cir. 1990)). Moreover, case law is clear that "a litigant cannot unilaterally create the grounds for recusal." See Conklin v. Warrington Twp., 476 F. Supp. 2d 458, 464 (M.D. Pa. 2007). The court does not find any sufficient basis for its recusal.

---

[1] The court dismissed all of Walsh's claims and closed the case on October 26, 2012. (Case No. 1:11-CV-2215, Docs. 85, 86). The District of Columbia Circuit Court of Appeals affirmed the court's ruling. (Id., Doc. 91). On August 9, 2013, Walsh filed a Rule 60 motion which is currently pending. (Id., Doc. 89).

## C. Timeliness

Defendants assert that Walsh's motion is untimely. The court agrees. A motion for relief from a final judgment, order, or proceeding under Federal Rule of Civil Procedure 60(b)(2) or (3) must be filed "no more than a year after the entry of the judgment or order of the date of the proceeding." FED. R. CIV. P. 60(c)(1). Walsh's motion was filed approximately five years after the court entered summary judgment against Walsh and closed the case. (See Doc. 298). Walsh cites Rule 60(d)(3), which states that Rule 60 does not limit a court's power to set aside a judgment for fraud on the court. However, Walsh has not set forth a scintilla of evidence indicating any fraud on the court.

## D. Substantive Merit

Even if Walsh's motion was timely filed, it lacks merit. Walsh's "new evidence" is only material and relevant to Walsh's case on the slimmest of margins. It could not have possibly changed the outcome of his case because Walsh still cannot provide any evidence concerning Jones' personal involvement in the alleged conduct that is the subject of the complaint. Additionally, Walsh fails to provide any evidence for his allegation of fraud under Rule 60(b)(3) outside of his own conclusory statements and speculation.

## V. <u>Conclusion</u>

For the foregoing reasons, the court will deny the motion. An appropriate order follows.

/S/ CHRISTOPHER C. CONNER
CHRISTOPHER C. CONNER
Chief Judge, Middle District of Pennsylvania

Dated:        October 11, 2013