IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RORY M. WALSH,** | : | CIVIL ACTION NO. 1:05-CV-0818 |
| Plaintiff | : | (Chief Judge Conner) |
| v. | : | |
| **THE UNITED STATES OF AMERICA**, *et al.*, | : | |
| Defendants | : | |

## **MEMORANDUM**

Presently before the court is *pro se* plaintiff Rory M. Walsh's ("Walsh") motion (Doc. 319) for relief and to reopen the above-captioned case pursuant to Federal Rule of Civil Procedure 60(b)(6). For the following reasons, Walsh's motion will be denied.

## I. Factual Background & Procedural History

Walsh instituted the instant action on April 25, 2005. (Doc. 1). He amended the complaint on October 21, 2005. (Doc. 30). In the amended complaint, Walsh alleged that defendant General James L. Jones, Jr. ("Jones") violated his Fourth and Fifth Amendment rights when Jones, or Naval Intelligence Agents instructed by Jones, broke into Walsh's residence and stole various items in March 2005. (Id. ¶¶ 92, 111-14). The court dismissed various claims and defendants on June 6 and October 30, 2006. (See Doc. 65 at 15 (denying motion to dismiss only with respect to the Fourth and Fifth Amendment claims against Jones, the United States, and the Navy); Doc. 155 (dismissing claims against the United States and the Navy)). The court allowed Walsh to supplement his amended complaint on August 29, 2007, with

additional allegations of break-ins and surveillance that purportedly occurred on several dates from October 2005 through July 2007. (Docs. 228, 229).

On January 4, 2008, Walsh and Jones filed cross-motions for summary judgment. (Docs. 269, 273). On June 10, 2008, the court granted summary judgment in favor of Jones and against Walsh. (Doc. 298). The court concluded that Walsh failed to offer any admissible evidence upon which a jury could find that Jones was directly or indirectly involved in any of the alleged improper conduct occurring from 2005 to 2007. (Id.) The Third Circuit Court of Appeals affirmed the court's decision on May 5, 2009, 328 F. App'x 806, and the Supreme Court denied *certiorari* on November 2, 2009. 558 U.S. 996. On June 21, 2013, Walsh filed a motion to reopen the action under Rule 60(b)(2) and (3) on the basis of new evidence and fraud before the court. (Docs. 306, 307). On October 11, 2013, the court denied Walsh's motion to reopen, (Doc. 311), concluding that it was untimely and meritless. (Doc. 310 at 5). The Third Circuit affirmed the court's decision on July 2, 2014. 571 F. App'x 109.

Walsh filed the instant motion on October 6, 2014, requesting the court to reopen the action under Rule 60(b)(6) on the basis of "Jones['s] latest crime on [May 17, 2014] against . . . Walsh and his family." (Doc. 319 at 1). Specifically, Walsh alleges that while he visited Best Buy in Harrisburg, Pennsylvania, "Jones, abus[ed] his illegal access to the FBI . . . [by] using . . . real-time surveillance to . . . strike . . . in the parking lot . . . at Walsh and his sons." (Doc. 320 at 5). Walsh submits several exhibits which he asserts are new evidence of Jones's criminal actions. (Doc. 320 Ex: K-P). The motion is fully briefed and ripe for disposition.

Case 1:05-cv-00818-CCC   Document 327   Filed 03/23/15   Page 3 of 6

## II. <u>Legal Standard</u>

The purpose of Federal Rule of Civil Procedure 60(b) is to "strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." <u>Boughner v. Sec'y of Health, Educ. & Welfare</u>, 572 F.2d 976, 977 (3d Cir. 1978).  Rule 60(b)(6) provides:  "On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for . . . any . . . reason that justifies relief."  A party seeking such relief must demonstrate that he filed his motion within a "reasonable time," FED. R. CIV. P. 60(c)(1), and that "extraordinary circumstances" justify the requested relief.  <u>Budget Blinds, Inc. v. White</u>, 536 F.3d 244, 255 (3d Cir. 2008).  The decision to grant or deny relief pursuant to Rule 60(b)(6) lies in the "sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances."  <u>Ross v. Meagan</u>, 638 F.2d 646, 648 (3d Cir. 1981).

## III. <u>Discussion</u>

### A. Timeliness

Walsh avers that "[t]here is no time limit for a[n] FRCP 60(b)(6) motion." (Doc. 319 at 5).  The Federal Rules of Civil Procedure denote that 60(b)(6) motions are not bound by the one-year statute of limitations applicable to other clauses of the Rule; such motions must instead be filed within a "reasonable time."  FED. R. CIV. P. 60(c)(1).  However, "[a] motion under Rule 60(b)(6) filed more than a year after final judgment is generally untimely unless 'extraordinary circumstances' excuse the party's failure to proceed sooner."  <u>Taylor v. Wetzel</u>, No. 4:CV-04-553, 2014 WL 5242076, at *6 (M.D. Pa. Oct. 15, 2014) (quoting <u>Gordon v. Monoson</u>, 239 F.

3

App'x 710, 713 (3d Cir. 2007) (nonprecedential)). Walsh filed the instant motion over six years after the court entered summary judgment against Walsh and closed the case. (See Doc. 298). Despite this considerable delay, Walsh fails to demonstrate that extraordinary circumstances prevented him from filing a 60(b)(6) motion sooner.[1]

Furthermore, the court notes that a Rule 60(b)(6) motion cannot be used to circumvent the one-year filing requirement that governs Rule 60(b)(1), (2), and (3) motions. Taylor, 2014 WL 5242076, at *6 (citing Stradley v. Cortez, 518 F.2d 488, 493 (3d Cir. 1975)). The court previously determined that Walsh's first motion to reopen, filed under 60(b)(2) and (3), was untimely and meritless. (Doc. 310 at 5). The Third Circuit Court of Appeals affirmed, noting the passage of five years between entry of final judgment and Walsh's motion to reopen. 571 F. App'x 109, 110. As a result, Walsh's "new evidence" cannot revive his unsuccessful claims raised under Rule 60(b)(2) and (3).

---

[1] Walsh asserts that "Jones is keeping this action alive per the [c]ontinuing [v]iolation [d]octrine" considered in National Railroad Passenger Corp. v. Morgan, 536 U.S. 101 (2002). (Doc. 320 at 6-7). Walsh argues that "Jones stalking and striking at Walsh and his sons on [May 17, 2014] . . . wipe[s] out any and all" applicable statutes of limitation. (Doc. 320 at 9). However, Morgan applies the continuing violation doctrine in the context of employment discrimination claims and is thus inapplicable in the matter *sub judice*. See Morgan, 536 U.S. at 107 ("[T]he continuing violation doctrine . . . allows courts to consider conduct that would ordinarily be time barred as long as the untimely incidents represent an ongoing unlawful employment practice." (internal quotation marks omitted)).

4

B.    **Substantive Merit**

Even if Walsh's motion was timely filed, it lacks merit.[2] As noted *supra*, on October 11, 2013, the Third Circuit Court of Appeals affirmed the court's entry of judgment against Walsh, 328 F. App'x 806, and on July 2, 2014, the Third Circuit affirmed the court's denial of Walsh's first Rule 60(b) motion to reopen. 571 F. App'x 109. In the interim, Walsh has presented no new evidence linking Jones to the asserted wrongful conduct that is the subject of the amended complaint; Walsh fails to explain how the alleged incident at Best Buy on May 17, 2014 proves that break-ins occurred at his residence between 2005 and 2007. Moreover, the Third Circuit previously considered Walsh's instant claims as supplemental evidence and found them to be immaterial to his original allegations.[3] 571 F. App'x at 111 n.4. Therefore, the court concludes that Walsh has failed to demonstrate the existence of extraordinary circumstances such that his action should be reinstated. See Budget Blinds, Inc., 536 F.3d at 255.

---

[2] Walsh alleges broadly that "Jones continue[s] to step on [Walsh's] . . . Constitutional and statutory rights" and that "Walsh's injuries [are] made worse through Jones['s] abuse of position and interference with his VA treatments and compensation." (See Doc. 324 at 4, 6). Walsh provides no evidence in support of his averments. (See Doc. 324). Additionally, Walsh makes equally conclusory statements in sundry letters to the court, filed subsequent to the instant motion. (Docs. 323-26). The court declines to address these speculative assertions further.

[3] The Third Circuit noted that "Walsh's supplemental evidence, wherein he claims that General Jones was stalking him and his sons on May 17, 2014, does not prove that any of the defendants broke into his home." 571 F. App'x at 111 n.4.

5

**IV.** **Conclusion**

For the foregoing reasons, the court will deny the motion. An appropriate order will issue.

      /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:   March 23, 2015